ROBERT L. LEACH, State Superintendent of Banking, Appellant,
v. FARMERS & MERCHANTS SAVINGS BANK OF MOUNT PLEASANT,
Appellee.

IN RE CLAIMS OF ALBERT CORNICK AND JASON CORNICK
(two cases).

**BANKS AND BANKING:** Insolvency—Preference—Bailment.  Prin-
1  ciple reaffirmed that the receiver of an insolvent bank must return
to a bailor the subject-matter of a clearly identified bailment in his
possession, of which the bank was the bailee.

**BANKS AND BANKING:** Insolvency—Preference Based on Bailment.
2  Principle reaffirmed that a bailor may not rest a claim for a prefer-
ence against the receiver of the insolvent bailee on the theory that
the bailee wrongfully converted the subject-matter of the bailment
by hypothecating it, unless he traces the proceeds of the conversion
into the hands of the insolvent to the augmentation of the assets
coming into the hands of the receiver.

**Headnote 1:** 7 C. J. p. 750.  **Headnote 2:** 7 C. J. pp. 751, 752.

*Appeal from Henry District Court.*—JAMES D. SMYTH, Judge.

DECEMBER 14, 1926.

Claim against the receiver of an insolvent state bank for the
allowance of a preference.  The preference was allowed below,
and the receiver appeals.—*Modified and affirmed.*

*Ben J. Gibson,* Attorney-general, *F. S. Finley,* and *McCoid,
McCoid & McCoid,* for appellant.

*W. S. Withrow,* for appellees.

PER CURIAM.—The case involves the claims of the appellees
to have returned to them certain United States certificates of in-
debtedness and government bonds deposited with the Farmers
& Merchants Savings Bank of Mt. Pleasant,
which is now insolvent, and in process of liqui-
dation by the state superintendent of banking,
as receiver, or, in default of the return of the

1. BANKS AND
BANKING: in-
solvency:
preference:
bailment.

securities, to have the claims for their value allowed as a preference. The bonds so deposited amounted to $17,000, and the certificates of indebtedness are $20,000. The claimants received from the bank, on the deposit of their securities, instruments in writing in all respects identical with those involved in *In re Insolvency of Farmers & Merch. Sav. Bank*, 202 Iowa 859, and the circumstances attending their deposit were substantially the same as those shown in that case, save that, in the instant case, the government bonds deposited were described by name of issue and serial number·in the instruments issued by the bank to the claimants at the time of the deposit, and that it appears that United States certificates of indebtedness of the series and in the amounts of those deposited by the claimants are in the hands of the receiver, and the records of the bank do not show that it had any other securities of that class or character.

The holding in *In re Insolvency of Farmers & Merch. Sav. Bank*, supra, is controlling upon the questions here presented.

It is conceded, or shown without dispute, that the receiver has in his possession certificates of indebtedness of the class and in the denomination of those claimed, and that the bank had no other securities of like kind and amounts. The identification of the certificates is clearly sufficient to entitle claimants to the return of them.

The government bonds deposited by the claimants are shown to be in the hands of the Chase National Bank of New York. They are among those referred to in *In re Insolvency of Farmers· & Merch. Sav. Bank*, supra, as being held as collateral·security for a loan to the Mt. Pleasant bank. The circumstances surrounding that loan were fully considered in that case; and it was held that the owners of the bonds so put up as collateral were not entitled to the allowance of preferred claims, as against the receiver, for the value of the bonds. Nothing appears in this case to warrant a different conclusion.

2. BANKS AND BANKING: insolvency: preference based on bailment.

It follows that so much of the decree as required the receiver to deliver to the claimants the $20,000 of United States certificates of indebtedness in his hands is affirmed, and, in so far as it allowed a claim for the $17,000 of bonds in the hands of the Chase National Bank, it is reversed, and the claim therefor is allowed as that of a general creditor.—*Modified and affirmed.*